JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 13 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR DISASTER AT DENVER, ) DOCKET NO. 410
COLORADO, ON NOVEMBER 16, 1976 )

OPINION AND ORDER
_____

BEFORE ANDREW A. CAFFREY, ACTING CHAIRMAN, AND ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of three actions pending in three districts: one each in the Eastern District of New York, the Central District of California and the District of Colorado.

On November 16, 1976, a DC-9 jet aircraft manufactured by McDonnell Douglas Corporation (MDC) and owned and operated by Texas International Airlines, Inc. (TXI) crashed at the end of a runway at Stapleton International Airport, Denver, Colorado, during takeoff. On board at the time of the accident were 81 passengers and five crew members. Movants represent that the passengers and crew evacuated the aircraft, that some passengers claim they were injured in the air crash, and that the aircraft was destroyed in the accident.

The action pending in the Eastern District of New York was filed in 1978 by a passenger allegedly injured in the air crash, and by his wife. The complaint originally named as defendants TXI and Jet Capital Corporation (Jet Capital), a holding company that owns approximately one-third of TXI's stock. Plaintiffs in this action allege that the passenger's injuries resulted from TXI's negligent maintenance, operation and control of the aircraft. The passenger's wife seeks damages for loss of consortium. TXI filed a third-party complaint against MDC and Safe Flight Instrument Corporation (Safe Flight), the manufacturer of several components in the aircraft. TXI seeks indemnity and contribution from both third-party defendants, alleging that the injuries suffered by plaintiffs were caused by **MDC's and Safe Flight's negligent design and manufacture** of the aircraft and its components, and by MDC's and Safe Flight's failure to remedy certain defects in the DC-9 or to warn users of the DC-9 about those defects. Movants represent that after TXI's third-party complaint was filed, plaintiffs in the New York action moved to amend their complaint to add MDC and Safe Flight as defendants, making the same allegations as are made by TXI in its third-party complaint. TXI and Jet Capital have consented to the granting of the motion to amend, but an order to that effect has not yet been entered. Discovery thus far has included requests for production of documents, and interrogatory requests and answers. No depositions have been taken.

FPI-MAR-3-27-79-6M-1781

The second personal injury action pending in this litigation was filed very recently in the District of Colorado. Plaintiff in that action seeks to recover damages from TXI based upon substantially similar theories of recovery as are alleged by plaintiffs in the New York action. In addition, TXI has filed a third-party complaint against MDC and Safe Flight that is substantially similar to the one filed by TXI against those same defendants in New York. No discovery has yet occurred in this action.

In addition to the two pending personal injury actions, an action filed in October, 1979, is pending in the Central District of California in which Orion Insurance Company Limited (Orion), the liability and hull insurer of TXI, seeks to recover from MDC and Safe Flight, as TXI's subrogee, all amounts paid by Orion to TXI for the value of the aircraft or paid in settlement of personal injury and/or property damage claims against TXI resulting from the accident. Orion alleges that MDC and Safe Flight negligently designed, manufactured, tested, inspected and assembled the aircraft and its components, and that these defendants negligently failed to remedy dangers and defects in the aircraft and to warn users of these hazards.

TXI, Jet Capital and Orion move the Panel to centralize, pursuant to 28 U.S.C. §1407, all actions in this docket in the Central District of California for coordinated or consolidated pretrial proceedings. MDC supports the motion.

Plaintiffs in the New York and Colorado actions and Safe Flight oppose the motion. If the Panel determines, however, that Section 1407 proceedings are appropriate in this docket, Safe Flight favors selection of the Central District of California as the transferee forum and the Colorado plaintiff favors selection of the District of Colorado as the transferee forum.

We find that these actions involve common questions of fact and that transfer of the actions pending in districts other than the Central District of California to that district for coordinated or consolidated pretrial proceedings under Section 1407 with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Opponents argue that centralization of the actions should be denied because this litigation involves only three actions. Plaintiffs in the New York and California actions further assert that individual questions of fact predominate. In addition, the New York plaintiffs contend that transfer would be inconvenient to the parties and witnesses and that voluntary cooperation among involved parties, counsel and courts would avoid any duplicative discovery and is a preferable alternative to centralization.

We find these arguments unpersuasive. Movants maintain, and no party to the actions presently before us has denied, that these actions involve complex common questions of fact and extensive discovery concerning what caused the

activation of the stall warning system when the aircraft was beginning its takeoff; issues concerning the alleged defects or negligence in the design and manufacture of the stall warning system; whether TXI was negligent in the maintenance of the aircraft; and whether TXI's crew acted reasonably in deciding to abort the takeoff. Transfer under Section 1407 is thus **necessary in order to avoid duplicative** discovery, prevent inconsistent pretrial rulings and conserve judicial resources. While voluntary coordination of discovery efforts among parties and their counsel is always commendable, transfer of these actions to a single district under Section 1407 will ensure the streamlining of discovery and all other pretrial proceedings as well. See In re Gas Meter Antitrust Litigation, 464 F. Supp. 391, 393 (J.P.M.L. 1979). The transferee judge, of course, has the authority to schedule any pretrial proceedings that are unique to particular parties, claims or actions to proceed concurrently with the common pretrial proceedings, thereby permitting the litigation to proceed expeditiously in all areas. See In re Multi-Piece Rim Products Liability Litigation, 464 F. Supp. 969, 974 (J.P.M.L. 1979). Moreover, the transferee judge has power to provide that no party need participate in pretrial proceedings unrelated to that party's interests. See, e.g., Parts I & II, §§2.31, Manual for Complex Litigation (rev. ed. 1977). And under the provisions of Fed. R. Civ. P. 26(c)(2) and 45(d)(2), depositions of parties and witnesses may occur in proximity to where they reside. See In re

<u>Air Crash Disaster near Chicago, Illinois, on May 25, 1979</u>, ____ F. Supp. ____, ____ (J.P.M.L., filed August 13, 1979) (slip opinion at 4).

The Colorado plaintiff favors the District of Colorado as the transferee forum for this litigation on the grounds that the accident occurred there and that defendants do business there. We are persuaded, however, that the Central District of California is the preferable transferee forum. Because the DC-9 aircraft was designed and built at MDC's facility in Long Beach, California, many of the witnesses and relevant documents are located there. In addition, no responding party has contested movants' assertion in their papers before the Panel that the present actions "will have almost no witnesses on liability involved in pre-trial discovery, and no significant document evidence located in the Denver area."

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Central District of California be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Robert J. Kelleher for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

SCHEDULE A

DOCKET NO. 410 -- IN RE AIR DISASTER AT DENVER, COLORADO, ON NOVEMER 16, 1976

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Orion Insurance Co., Ltd. v. McDonnell Douglas Corp., et al. | Civil Action No. CV-79-04138 |

DISTRICT OF COLORADO

| | |
|---|---|
| Aatos V. Kosti v. Texas International Airlines, Inc. | Civil Action No. 79-1657 |

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Hansgeorg G. Corinth, et al. v. Jet Capital Corp., et al. | Civil Action No. 78C-1876 |